ELTING v. SEAGER S. S. CO., Inc., et al.

District Court, S. D. New York.    October 4, 1927.

1. Principal and agent ⚖64(1)—Principal may collect his own money though agent has started proceedings.

Where agent starts proceeding to obtain money for principal, the principal may, as to the third party, collect his own money.

2. United States ⚖52½—Money paid after termination of agency for Emergency Fleet Corporation in satisfaction of lien filed by agent for principal held to belong to principal.

Under a contract of agency for the Emergency Fleet Corporation, requiring agent to collect freight and other money accruing to corporation and deposit same in name of corporation, and giving corporation right to terminate agency at will and to collect directly any debts remaining due, where prior to such termination agent had filed a lien on behalf of its principal, money subsequently paid in satisfaction of the lien held to belong to the corporation.

Interpleader. Bill of interpleader filed by Philip Elting, Collector of Customs, against the Seager Steamship Company, Inc., and the United States. Decree in favor of the United States.

Charles H. Tuttle, U. S. Atty., of New York City (George A. Washington, Sp. Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Matthew B. Sentner, of New York City, for defendant Seager S. S. Co.

Walter Schaffner, Sp. Asst. U. S. Atty., of New York City, for the United States.

HUTCHESON, District Judge. This is a bill of interpleader, filed by Philip Elting, collector of customs of the port of New York, stating that he holds in his hands a certain fund, consisting of $597, which is claimed by both of the defendants, each in his own right.

Defendant filed a motion, which was heard before Judge Mack, to dismiss the complaint,

on the ground that it was not a proper case for a bill of interpleader, with the result that an order was entered overruling the motion and permitting interpleader plaintiff to pay the money into the registry of the court, where it now is. At this time defendant renews his motion, urging that there is no real controversy here, that the collector of customs is the agent of the United States, that there was no real jeopardy, and that the equitable grounds for such bill do not exist.

While the question is interesting, I regard the decision of Judge Mack on the motion as having settled the law of the case on that point, and that there is nothing before me but the case on the merits as between the claimants. That case is that the Seager Steamship Company, as managing agent for the United States, filed a claim of lien for the United States as owner of the vessel, that the contract of agency has now been terminated, and that there is some dispute between the principal and the agent as to the question of adjustment of accounts between them.

[1] I regard these matters as wholly immaterial, and that the fundamental principle invoked by the United States is sound that, where an agent starts a proceeding to obtain money for his principal, the principal may, as to the third party involved, collect his own money.

[2] The agency agreement does not change, but, on the contrary, confirms, this. Clauses 8 and 9 provide:

" (8) The agent agrees to collect when due all freight and other moneys accruing to the corporation.

" (9) The agent agrees to deposit all moneys collected on behalf of the corporation in a national bank * * * as a separate fund in the name of the United States Shipping Board Emergency Fleet Corporation, which moneys shall, in so far as the agent is concerned, be the property of the corporation; and whenever the treasurer of the corporation considers the public interest demands they shall be subject to check by him as well as by the agent."

Clause 14, covering general and particular average, the case at bar, provides:

"The agent shall take liens, and all other possible measures to protect the interests of the corporation."

Clause 16 provides:

"The corporation shall have the right at any time to terminate this agreement, * * * and to assume control forthwith of any or all of said vessels, and to collect directly all freight moneys or any debts remaining unpaid."

Whether, then, viewed as the assertion of the ordinary right of a principal to take direct possession of his goods or moneys without the intermediation of his agent, or on the terms of the agency contract itself, the contract having been terminated, and the government having asserted the right to take the moneys direct, it is to my mind plain that the United States is entitled to the fund.

Let a decree in conformity be entered.